IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**THE UNITED STATES OF AMERICA,**   )
                                    )
    **Plaintiff,**                 )
                                    )
**v.**                              )   **No. 11-2741**
                                    )
**VERNICE B. KUGLIN and HERENTON**  )
**INVESTMENT COMPANY,**             )
                                    )
    **Defendants.**                )

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Plaintiff the United States of America's (the "Government") Motion for Default Judgment against Defendant Herenton Investment Company ("Herenton"). (ECF No. 15.) The Government brings suit against Defendants Vernice B. Kuglin ("Kuglin") and Herenton to reduce to judgment tax assessments against Kuglin for unpaid income taxes, penalties, and interest, to declare the validity of tax liens against real property, and to foreclose such liens against real property. (Compl., ECF No. 1.) The Government's Motion for Summary Judgment was granted against Kuglin on September 6, 2012. (ECF No. 18.) The Clerk of the Court ordered an Entry of Default against Herenton on August 29, 2012. (ECF No. 14.) The Court entered an Order of Sale on Kuglin's real property on October 9, 2012. (ECF No. 20.) Herenton has not responded. For the

following reasons the Government's Motion for Default Judgment is GRANTED.

## I. Background

Kuglin is currently, and was for each of the taxable years relevant to this action, an employee of Federal Express. (Mot. to Dismiss, ECF No. 8.) Kuglin resides in Memphis, Tennessee, and is the owner of real property known as 220 Dubois, Memphis, Tennessee. (Compl., ECF No. 1; Warranty Deed, ECF No. 1-1.) Kuglin did not pay federal income taxes for the taxable years 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004. (Compl.; see also Mot. to Dismiss, ECF No. 8.) The Government has assessed Kuglin's tax liability for those years. (Id.)

The Government added Herenton as a defendant in its case against Kuglin because the Government believed that Herenton might claim an interest in the real property at 220 Dubois. The Government seeks to foreclose federal tax liens on 220 Dubois so that the proceeds can be used to satisfy a portion of Kuglin's tax liability. Herenton holds a note on 220 Dubois; the Government seeks a declaration that it may sell the property free and clear of any competing claim.

## II. Jurisdiction

A court's default judgment is invalid unless it has proper jurisdiction. See, e.g., Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a

2

defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment.") (citing Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006)).

Courts are obligated to consider subject-matter and personal jurisdiction, but not defects in venue, before entering default judgment. Compare In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (holding that a district court properly raised the issue of personal jurisdiction sua sponte), and Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."), and Columbia Pictures Indus. v. Fysh, No. 5:06-CV-37, 2007 U.S. Dist. LEXIS 11234, at *3-4 (W.D. Mich. Feb. 16, 2007) (considering and finding subject-matter and personal jurisdiction before entering a default judgment), with Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 942 (5th Cir. 1999) ("The Supreme Court has made clear that if a party defaults by failing to appear or file a timely responsive pleading, the party waives defects in venue.") (citations omitted), and Williams, 802 F.2d at 1202 ("[I]f a party is in default by failing to appear or to file a responsive pleading, defects in venue are waived, a default judgment may be

validly entered and the judgment cannot be attacked collaterally for improper venue." (citing Hoffman v. Blaski, 363 U.S. 335, 343 (1960)).

The Court has proper subject-matter jurisdiction. The Government brings suit at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States as required by 26 U.S.C. §§ 7401 and 7403. (Compl. ¶ 2.) The Court has jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" under 26 U.S.C. § 7402(a). The Court has original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue" under 28 U.S.C. § 1340. The Court has jurisdiction generally in any civil action in which the United States is a plaintiff under 28 U.S.C. § 1345, and in any civil action arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331.

The Court has personal jurisdiction over Herenton. "[D]efendants who reside in the forum state will always be subject to the personal jurisdiction of the court." Conn v. Zakharov, 667 F.3d 705, 711 (6th Cir. 2012). Because Herenton is a business association and not an individual, its residence for purposes of jurisdiction is determined by its state of

4

incorporation and principal place of business. See, e.g., Cottrell v. Bendix Corp., Nos. 89-1867, 89-2091, 1990 U.S. App. LEXIS 17345, at *6-7 (6th Cir. Sept. 28, 1990). Herenton is a corporation organized under Tennessee law with its principal place of business in Memphis, Tennessee. (See Corp. Warranty Deed, ECF No. 1-2.) The Court's assertion of personal jurisdiction over Herenton is proper.

### III. Standard of Review

Federal Rule of Civil Procedure 55(b)(2) governs default judgments. See Fed. R. Civ. P. 55(b). When a default has been entered against a defendant, a plaintiff may seek default judgment from the Clerk of the Court or from the District Court. Fed. R. Civ. P. 55(b). If "the plaintiff's claim is for a sum certain...the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted." Id. at 55(b)(1). If the plaintiff's claim is not for a sum certain or a sum that can be computed, "the party must apply to the court for default judgment" and the "court may conduct hearings or make referrals...when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id. at 55(b)(2).

5

The District Court may, but is not required to, hold a hearing to determine the appropriateness of relief requested by the plaintiff and to enter judgment. Vesligaj v. Peterson, 331 Fed. Appx. 351, 354-55 (6th Cir. 2009). A district court may rely on affidavits to establish the appropriate relief when a plaintiff seeks a specific amount of damages, when the sum of damages is not capable of being made certain by computation, and when other relief is sought. See Brown v. Int'l Asset Group, LLC, No. 3:12-cv-256, 2012 U.S. Dist. LEXIS 170362, at *6 (S.D. Ohio Nov. 30, 2012); LaFarge North Am., Inc., No. 4:08-cv-95, 2009 U.S. Dist. LEXIS 74965, at *9-10 (E.D. Tenn. Aug. 4, 2009).

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Unlike factual allegations, "a party in default does not admit mere conclusions of law." Anderson v. Johnson, 1999 U.S. App. LEXIS 29636, at *5 (6th Cir., Nov. 4, 1999).

Because the Clerk has properly entered default against Herenton (Entry of Default, ECF No. 14), Herenton is deemed to have admitted the factual allegations in the Government's Complaint, other than those relating to damages. In this case, the Government seeks only a declaration of rights, and does not assert a claim for any damages against Herenton. (Compl., ECF No. 1.) If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment. See Coach, Inc. v. Cellular Planet, No. 2:09-cv-00241, 2010 U.S. Dist. LEXIS 45087, at *7 (S.D. Ohio May 7, 2010) (citing Arista Records, Inc. v. Beker Enters., 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)).

**IV. Analysis**

The Government seeks only a declaration of rights against Herenton. As evidence in support of its assertion that Herenton has no interest in the real property at issue, the Government submits Herenton's Warranty Deed granting the property to Kuglin, (ECF No. 1-1), and Herenton's Deed of Trust taking an interest in the property as security for a loan to Kuglin. (ECF No. 1-2.) Herenton transferred its entire interest in the property in fee simple to Kuglin by warranty deed. (Warranty Deed.) Herenton regained a limited interest in the property as collateral securing a Note from Kuglin for an $8,000.00 loan to purchase the property. (Deed of Trust.) By the terms of the

Deed of Trust and the Note described therein, Kuglin satisfied the full amount of her indebtedness to Herenton on May 1, 1998. (Id.) The Deed of Trust states that full satisfaction of Kuglin's indebtedness under the Note extinguishes Herenton's interest in the property. (Id.)

Because default was properly entered against Herenton, the Government's factual allegation that Herenton's interest in the property was extinguished as of May 1, 1998, under the terms of the Note and the Deed of Trust is accepted as true. That Herenton has no remaining interest in the property at issue is a sufficient legal basis for the Court to grant the declaration requested by the Government in its Motion for Default Judgment.

## V. Conclusion

For the foregoing reasons, the Government's Motion for Default Judgment against Herenton Investment Company is GRANTED. Herenton has no legal interest in the real property at issue in this action.

So ordered this 7th day of March, 2013.

s/ Samuel H. Mays, Jr.___
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
