# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. cv-02741 |
| | ) | |
| VERNICE B. KUGLIN | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO VACATE VOID JUDGMENT

Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, your defendant, Vernice B. Kuglin, ("Kuglin" or "defendant") appears timely as authorized by the Rule to Move this honorable Court for an Order to Void its Judgment in the above-captioned case for want of the requisite jurisdiction to adjudicate the plaintiff's assumptions proffered as presumptions. As grounds for this Motion and in support thereof I state as follows:

There is a very bright jurisdictional line separating the governments of the fifty separate states forming the union, and the national (federal) government. For instance, 'The pertinent doctrine, now firmly established, was stated through Mr. Chief Justice Chase in *Texas* v. *White*, 7 Wall. 700, 725. —'

> "We have already had occasion to remark at this term, that 'the people of each State compose a State, having its own government, and endowed with all the functions essential to separate and independent existence,' and that 'without the States in union, there could be no such political body as the United States.' Not only, therefore, can there be no loss of separate and independent autonomy to the States, through their union under the Constitution, but it may be not unreasonably said that the preservation of the States, and the maintenance of their governments, are as much within the design and care of the Constitution as the preservation of the Union and the maintenance of the National government. The Constitution, in all its provisions, looks to an indestructible Union, composed of indestructible States." *Ashton v. Cameron County Water Improvement District No. 1*, 298 U.S. 513, 528 (1936).

## Jurisdiction Problem I -- Jurisdiction Cannot be Presumed
## The Truth and Facts are Stubborn Things

This Motion emphasizes the distinct difference between the matters falling under the jurisdiction of the federal government and the jurisdiction of the government of Tennessee. I believe the federal government also knows the distinctive difference; however, it ignored the distinctive difference and assumed it had jurisdiction under the equally erroneous *assumption* that I owed a duty under some undisclosed federal statute that purportedly extends to citizens within the exclusive territorial/legislative jurisdiction of Tennessee. Plaintiff, in this case, has not broached its burden to invoke subject matter jurisdiction.

"The people of each State compose a State." *Id.* There is no doubt, a federal court is competent to adjudicate everywhere the U.S. Congress has the power to legislate; however, the plaintiff failed to put the requisite facts in the record establishing federal jurisdiction. "In determining the scope of a district court's jurisdiction, our starting point is that the lower federal courts are courts of limited jurisdiction and possess only those powers granted to them by Congress." *Finley v. United States*, 490 U.S. 545, 550, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (quoting *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) (noting that "federal courts . . . are courts of limited jurisdiction marked out by Congress")). Additionally,

> "[I]t is hornbook law that parties may not waive into or consent to subject matter jurisdiction which a federal court does not properly have." *Universal Consol. Cos. v. Bank of China*, 35 F.3d 243, 247 (6th Cir. 1994). That the Spierers failed to suggest while before the bankruptcy court that the stay was imposed in violation of Article III is irrelevant, as "subject-matter jurisdiction can be challenged at any time." *Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003) (noting that subject matter jurisdiction can even be raised collaterally pursuant to Fed.R.Civ.P. 60(b)(4)). *In Re Federated Dept. Stores, Inc.*, 328 F.3d 829,834 (6th Cir. 2003).

"With that principle in mind, federal courts must be reluctant to infer that Congress has expanded their jurisdiction." *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468,

474, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) (citing *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 95 L.Ed. 702 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation.")). As for federal taxing authority (jurisdiction), *"**Congress is not empowered to tax for those purposes which are within the exclusive province of the States**." Gibbons* v. *Ogden*, 9 Wheat. 1, 199; *United States v. Butler*, 297 U.S. 1, 69 (1936). [Emphasis added.] There seems to be very fertile grounds to support voiding plaintiff's inconvenient *assumptions* in this instant case. Please *See* and take judicial notice of the crucial State sovereignty matters the plaintiff ignored and even attempted to usurp.

> In the states, there reposes the sovereignty to manage their own affairs except only as the requirements of the Constitution otherwise provide. ***Within these constitutional limits the power of the state over taxation is plenary***. An interpretation of the privileges and immunities clause which restricts the power of the states to manage their own fiscal affairs is a matter of gravest concern to them. It is only the emphatic requirements of the Constitution which properly may lead the federal courts to such a conclusion. *Madden v. Kentucky*, 309 U.S. 83, 93 (1940). [Emphasis added.]

It appears that the Supreme Court expects all federal courts to respect the fact that each of the several states manage their own affairs free from plaintiff's unwelcome intrusion or usurpation of power by those entrusted to preserve the separation of the federal and state spheres of sovereignty.

> Although the Constitution establishes a National Government with broad, often plenary authority over matters within its recognized competence, the founding document "specifically recognizes the States as sovereign entities." *Seminole Tribe of Fla.* v. *Florida, supra*, at 71, n. 15; accord, *Blatchford* v. *Native Village of Noatak*, 501 U.S. 775, 779 (1991) ("[T]he States entered the federal system with their sovereignty intact"). Various textual provisions of the Constitution assume the States' continued existence and active participation in the fundamental processes of governance. *See Printz* v. *United States*, 521 U.S. 898, 919 (1997) (citing Art. III, § 2; Art. IV, §§ 2-4; Art. V). *Alden v. Maine*, 527 U.S. 706, 713 (1999).

That covers the State sovereignty, however, I'd be remiss were I to overlook the *individual protections* afforded me by the constitution's tenth article of the Bill of Rights.

In light of all of this, it is fully appropriate to apply the background assumption that Congress normally preserves "the constitutional balance between the National Government and the States." *Bond I*, 564 U. S., at ___ (slip op., at 10). That assumption is grounded in the very structure of the Constitution. And as we explained when this case was first before us, maintaining that constitutional balance is not merely an end unto itself. Rather, "[b]y denying any one government complete jurisdiction over all the concerns of public life, federalism protects the liberty of the individual from arbitrary power." *Ibid. Bond v. U.S.*, 12-158, *17 (U.S. 6-2-2014).

Based on my facts and circumstances, which were uncontested by the plaintiff, I maintain that the subject matter jurisdiction of this case was not and cannot be established by the plaintiff. *See* my Motion to Dismiss this case. Further, plaintiff should know, and has good reason to know that subject matter jurisdiction could not be waived or forfeited.

> First, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

> Additionally, this Court had the 'solemn duty' to protect my right to due process of law.

> It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings. *Johnson* v. *Zerbst*, 304 U.S. 458, 463; *Hawk* v. *Olson*, 326 U.S. 271, 278. This duty cannot be discharged as though it were a mere procedural formality. *Von Moltke v. Gillies*, 332 U.S. 708, 722 (1948).

I have a substantive right to due process of law. Plaintiff did not attempt to allege, establish, and prove any facts that were embraced by any applicable federal (income tax) law. The plaintiff's case was based solely on *assumptions* disguised as *presumptions* under federal law. *See* 26 C.F.R. § 1.1441-1(b)(3), which provides a payor (withholding agent) with the *presumption rules* to treat my income as if the payments made to me were made to a payee who is a foreign person. According to the Treasury Regulations, I am a payee who is a U.S. person. *See* 26 C.F.R. § 1.1441-1(b)(2)(i).

Nevertheless, the presumption rules would have allowed FedEx (acting as a withholding agent) to subject my payments to the withholding provisions set forth under chapter 3 of the Code, *if and only if* I failed to provide valid documentation. Under the presumption rules, my payments would have also been subject to the information reporting provisions under chapter 61 of the Code had I failed to provide the required documentation.

However, as required by the applicable objective standards and by FedEx, I did provide my valid documentation to establish my payee status to FedEx. As I had stated, FedEx (acting as a withholding agent under 26 U.S.C. § 1461 and its regulations) reported the payment amounts it made to me (to the plaintiff) *as if I was presumed to be* a payee who is a foreign person pursuant to 26 C.F.R. § 1.1441-1(b)(3). The truth is--not only did I provide FedEx with a withholding exemption certificate, e.g., *see* 26 C.F.R. § 31.3402(n)-1, FedEx also had a copy of my U.S. Passport, as I was a pilot for the company; and as such, I was required to provide a copy of my passport *to declare my U.S. citizenship*.

> The record in this case presents a question of jurisdiction which, although not raised by either party in the court below or in this court, we do not feel at liberty to pass without notice. *Sullivan* v. *Fulton Steamboat Co.*, 6 Wheat. 450; *Jackson* v. *Ashton*, 8 Pet. 148. As the jurisdiction of the circuit court is limited, in the sense that it has no other jurisdiction than that conferred by the Constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears. *Turner* v. *Bank of North America*, 4 Dall. 8; *Ex parte Smith*, 94 U.S. 455; *Robertson* v. *Cease*, 97 U.S. 646. In the last case it is said that "*where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record.*" *Railway Co.* v. *Ramsay*, 22 Wall. 322; *Briges* v. *Sperry*, 95 U.S. 401. In *Brown* v. *Keene*, 8 Pet. 112, it is declared not to be sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings; that the averments should be positive. *Grace v. American Central Ins. Co.*, 109 U.S. 278, 283-84 (1883). [Emphasis added.]

In the very best instance, the plaintiff allowed the *erroneous presumption* of foreign status to stand, *even after I had declared under penalties of perjury that I was a payee who is a*

*U.S. person. See* my Motion to Dismiss this case. Although its (erroneous) *presumptions were rebuttable*, the plaintiff acted as if its *presumptions were **irrebuttable***. The Supreme Court holds that ***irrebuttable presumptions*** are disfavored. "Statutes creating permanent irrebuttable presumptions have long been disfavored under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Heiner v. Donnan*, 285 U.S. 312 (1932); *Vlandis v. Kline*, 412 U.S. 441, 446 (1973). In the Federal Treasury Regulations, the Secretary provided me with ***the rebuttal of presumptions rule*** as follows:

> **26 CFR 1.1441-1(b)(3)(viii)** Rebuttal of presumptions. A payee or beneficial owner may rebut the presumptions described in this paragraph (b)(3) by providing reliable documentation to the withholding agent or, if applicable, to the IRS.

As written, my only duty to the plaintiff was to provide reliable documentation of my payee status. Not only did I provide "reliable documentation" of my payee status to FedEx (the withholding agent), I also ***rebutted the presumptions*** to the IRS (the plaintiff) in this case. I respectfully request that this Court take cognizance of the foregoing and Void its judgment forthwith.

### Jurisdiction Problem II -- Facts and Objective Standards
### Worldwide Sourced Income vs. U.S. Sourced Income

According to the Joint Committee on Taxation, *Overview of the Federal Tax System as in Effect for 2014* (JCX-25-14), March 28, 2014 an interested reader finds that "**A United States citizen or resident alien generally is subject to the U.S. individual income tax on his or her *worldwide taxable income*.**" [Emphasis added]. The Joint Committee's statement also refers its readers to a footnote explaining the '*worldwide income*' details as follows:

> Foreign tax credits generally are available against U.S. income tax imposed on foreign source income to the extent of foreign income taxes paid on that income. A nonresident alien generally is subject to the U.S. individual income tax only on income with a sufficient nexus to the United States.

Notice the Joint Committee directs attention towards *'foreign tax credits'* associated with *'foreign source income'* of a citizen of the United States, but the 'Joint Committee' consumed no space regarding "*U.S. sourced*" *income* earned by *U.S. citizens and lawfully admitted resident aliens* domiciled within the 50 several states of the United States of America. This Court should also notice that plaintiff's jurisdiction extends to the U.S. possessions. *See Huff v. Comm. of Int'l.*, 135 T.C. 222, 225 (2010) regarding certain U.S. possessions, e.g., the U.S. Virgin Islands ("USVI"), treating a U.S. citizen's USVI-sourced income as *foreign sourced* for the U.S. Virgin Island's income tax. Obviously the State of Tennessee is not a U.S. Possession.

In effect, the plaintiff seems to be content with its loosely drawn assumption that *my U.S. sourced income* translates to "*worldwide income*" by inference and implication without providing any support to its *assumptions*. Controlling precedent in the 6th Circuit holds:

> The argument also comes perilously close to suggesting an interpretive presumption in favor of the government and against the taxpayer. Regardless of the current status of the "traditional canon that construes revenue-raising laws against their drafter," *United Dominion Indus. v. United States*, 532 U.S. 822, 839, 121 S.Ct. 1934, 150 L.Ed.2d 45 (2001) (Thomas, J., concurring), the government has not identified any case establishing an opposite presumption. *See Bowers v. New York & Albany Lighterage Co.*, 273 U.S. 346, 350, 47 S.Ct. 389, 71 L.Ed. 676 (1927) ("The provision is part of a taxing statute; and such laws are to be interpreted liberally in favor of the taxpayers."); *United States v. Merriam*, 263 U.S. 179, 188, 44 S.Ct. 69, 68 L.Ed. 240 (1923) ("If the words are doubtful, the doubt must be resolved against the government and in favor of the taxpayer."); *Benziger v. United States*, 192 U.S. 38, 55, 24 S.Ct. 189, 48 L.Ed. 331 (1904); *American Net & Twine Co. v. Worthington*, 141 U.S. 468, 474, 12 S.Ct. 55, 35 L.Ed. 821 (1891); *Leavell v. Blades*, 237 Mo. 695, 141 S.W. 893, 894 (1911) ("When the tax gatherer puts his finger on the citizen, he must also put his finger on the law permitting it."). *OfficeMax, Inc. v. U.S.*, 428 F.3d 583, 594 (6th Cir. 2005).

Whether liberally construed or not, the question is -- did Congress (via federal legislation) intend for my *U.S. sourced income* to be included in the undefined *worldwide income* expression? I believe this Court will be moved to answer that question in the negative, which will also negate the plaintiff's assumption of subject matter and *in personam* jurisdiction.

"[T]he normal rule of statutory construction" under these circumstances is "that identical words used in different parts of the same act are intended to have the same meaning." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995). *U.S. v. Kratt*, 579 F.3d 558, 560 (6th Cir. 2009).

Here, we are dealing with the ***source*** of this ***U.S. citizen's income, which was U.S. sourced*** exclusively. The plaintiff's contention that '*worldwide income*' includes *U.S. sourced income* seems to be based on agency policy--and not any rational construction of federal law.

> It makes particular sense to follow that custom here because the two statutes cover the same subject matter in a common way. *See Barnhart v. Walton*, 535 U.S. 212, 221, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002); *Comm'r v. Lundy*, 516 U.S. 235, 249-50, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996). *U.S. v. Kratt*, 579 F.3d 558, 560 (6th Cir. 2009).

I believe the Supreme Court provided plaintiff with the test as follows:

> We have explained that "the ultimate question is whether Congress would have intended, and expected, courts to treat [the regulation] as within, or outside, its delegation to the agency of `gap-filling' authority." *Id.*, at 173 (emphasis deleted). In the *Long Island Care* case, we found that *Chevron* provided the appropriate standard of review "[w]here an agency rule sets forth important individual rights and duties, where the agency focuses fully and directly upon the issue, where the agency uses full notice-and-comment procedures to promulgate a rule, [and] where the resulting rule falls within the statutory grant of authority." 551 U. S., at 173. These same considerations point to the same result here. This case falls squarely within the bounds of, and is properly analyzed under, *Chevron* and *Mead. Mayo Foundation v. U.S.*, 09-837, 131 S.Ct. 704, *12 (U.S. 1-11-2011).

T.D. 8831 fills the 'gaps' by informing every person (whether U.S. or foreign) of the distinctive difference between ***worldwide income and U.S. sourced income*** as follows:

### 3. Comments and Changes to § 1.672(f)-1: Foreign Persons Not Treated as Owners

> The proposed regulations prescribed a two-step analysis for implementing the general rule of section 672(f). First, the grantor trust rules other than section 672(f) (the basic grantor trust rules) were applied to determine the ***worldwide amount and the U.S. amount***. Then, the trust was treated as partially or wholly owned by a foreign person based on an annual year-end comparison of the ***worldwide amount and the U.S. amount***. Commenters suggested that the two-step analysis was unnecessarily complex and questioned whether it might produce results that were unintended or inconsistent with the statute.

I believe the Joint Committee on taxation stated that only the *worldwide taxable income* of every individual who is a citizen or resident of the United States is subject to the federal income tax imposed by 26 U.S.C. § 1(a). *See also* 26 C.F.R. § 1.1-1(a) and (b). Further, as shown in T.D. 8831, I believe that this Court will find that there is a distinctive difference between *U.S. sourced* income and *worldwide sourced* income. Furthermore, the undisputed facts show that all of my income was *U.S. sourced*, and the plaintiff made no attempt to establish or prove that any of my income was from *worldwide sources*. It appears that in order for plaintiff to prove its jurisdiction and claims that the plaintiff's assessment scheme produced a federal tax deficiency, the plaintiff had to put in the record of this case proven facts reflecting the fact that I had worldwide income that gave rise to a federal income tax deficiency.

> There is no initial statutory burden resting on a taxpayer to show that he does not owe a tax, in fact the burden rests on the taxing officials to show that a taxpayer is indebted to the government. The burden shifts to the taxpayer only after the Commissioner of Internal Revenue has determined there is a deficiency. *Wickwire v. Reinecke*, 275 U.S. 101, 105, 48 S.Ct. 43, 72 L.Ed. 184; *Schlesinger v. State of Wisconsin*, 270 U.S. 230, 240, 46 S.Ct. 260, 70 L.Ed. 557, 43 A.L.R. 1224. Initially the taxpayer is entitled to know the basis of law and facts on which the Commissioner asserts deficiencies and until this is done, there is no burden of proof resting on the taxpayer. The presumption set up by the statute here cannot take the place of actual evidence that the taxpayer did not realize the income on which it is taxed. *Cornett-Lewis Coal v. Commr. of Internal Rev.*, 141 F.2d 1000, 1005 (6th Cir. 1944).

The plaintiff has no alternative but to admit and concede that I had no *worldwide income* and that there could not have been a legitimate income tax assessment/deficiency/lien. In short, the plaintiff did not have jurisdiction, and this case was a legal nullity from its inception.

### Jurisdiction Problem III -- *In Personam* Jurisdiction
### The Judgment was A Legal Nullity

As for purposes of the plaintiff's federal income tax scheme, in my Motion to Dismiss, I affirmed the distinct jurisdictional grounds, e.g., my citizenship--I am a citizen of the United States; my domicile--at all times relevant to this case, I was domiciled in Tennessee; the source

9

of my income--as proven above, all of my income was U.S. sourced; and, the situs of my property--all of my property is, was, and remains in the USA. In *Burnet v. Brooks*, 288 U.S. at 399, the Supreme Court was able to prudently decide jurisdiction (and the case) because Mr. Burnet, the Commissioner of Internal Revenue (back in 1933), provided the Supreme Court with a well pleaded case that included all the distinct grounds establishing jurisdiction, as well as the applicable federal law embracing the distinct grounds, as follows:

> As jurisdiction may exist in more than one government, that is, jurisdiction based on distinct grounds — *the citizenship of the owner, his domicile, the source of income, the situs of the property* — efforts have been made to preclude multiple taxation through the negotiation of appropriate international conventions. These endeavors, however, have proceeded upon express or implied recognition, and not in denial, of the sovereign taxing power as exerted by governments in the exercise of jurisdiction upon any one of these grounds. *Burnet v. Brooks*, 288 U.S. 378, 399 (1933). [Emphasis added.]

Plaintiff neither alleged nor established any of the requisite distinct grounds to support *in personam* jurisdiction. Likewise, the plaintiff failed to provide any specific federal tax law to establish jurisdiction over the subject matter. For instance, if I was subject to the assessment and collection jurisdiction of the plaintiff, the record would contain a specific reference to a specific federal tax law imposing a federal tax on my U.S. sourced income. As the record shows, there is no proof in the record that such a federal law exists. To be fair, in its pleadings, the plaintiff did make a loose reference to 26 U.S.C. § 1 and its regulations.

Admittedly, 26 C.F.R. § 1.1-1(a) does say, *'In general*, section 1 of the Code imposes a tax on the [taxable] income of *every individual who is a citizen or resident of the United States'*. At first blush, it would seem ludicrous for anybody to argue that section 1 of the Code does not extend to *'every individual who is'* a citizen or resident of the United States. Please know that I fully agree that the wording in 26 C.F.R. § 1.1-1(a) does point to a general class of U.S. citizens; however in contrast, I urge the Court to take cognizance of the specific factors regarding citizens

10

of the United States. I invite the Court's notice to the specific governing the general. "But it is a

commonplace of statutory construction that the specific governs the general, *see, e.g., Crawford

Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)"; *Morales v. Trans World Airlines,

Inc.*, 504 U.S. 374, 384-385 (1992). *See* also the 6th Circuit's precedent, as follows.

> Third, as signaled by [§ 7907(a)'s] appearance in a "general" set of provisions, it does not trump specific directives found elsewhere in the Act. "[I]t is a common-place of statutory construction that the specific governs the general," *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). *Schl. Dist., Pon. v. Sec. U.S. Dept. Educ.*, 584 F.3d 253, 293 (6th Cir. 2009).

As a first impression, I submit that there are *two specific classes* of U.S. citizens, with

one class *not being classified as an individual*. See 26 U.S.C. § 7701(a)(30)(A) as follows:

> (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof--(30) United States person--The term "United States person" means--(A) *a citizen or resident of the United States*. [Emphasis mine.]

As for the other specific classification describing (*an individual who is*) *a citizen or

resident of the United States*, this Court will find the definition of such an *individual* at 26

U.S.C. § 911(d)(1)(A) and (B) describing a *qualified individual* as follows:

> (d) Definitions and special rules — For purposes of this section —
> (1) Qualified individual — The term "qualified individual" means **an individual** whose tax home is in a foreign country and **who is —**
> **(A) a citizen of the United States** and establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, or
> **(B) a citizen or resident of the United States** and who, during any period of 12 consecutive months, is present in a foreign country or countries during at least 330 full days in such period. [Emphasis mine.]

Please notice the bold text I added above in 26 U.S.C. § 911(d)(1)(B), and the Court will

find, "...*an individual who is a citizen or resident of the United States.*" Now compare that

wording alongside "...*every individual who is a citizen or resident of the United States,*" as

written in 26 C.F.R. § 1.1-1(a), and a rational fact-finder will recognize the virtually identical

wording of those sections. Add the fact that a *qualified individual's* tax home is in a foreign

country to my analysis, and a reasonable conclusion strongly suggests that the Secretary's purposeful inclusion of "every individual who is..." in 26 C.F.R. § 1.1-1(a) was intended to embrace the foreign sourced (worldwide) income of that specific class of U.S. citizens.

Strengthening the point, in 26 C.F.R. § 1.1-1(b) the Secretary placed the *"wherever resident"* feature, which comports with the 'bona fide *resident of a foreign country or countries'* feature in section 911(d)(1)(A) and (B). Notice that there are only two sources of income (within or without the United States). There are for all intent and purposes, only two specific classes of U.S. citizens--one class within the United States and the other class outside the United States.

Simply stated, I am a citizen of the United States, and all of my income was attributable to the services I performed *within* the United States, while the income of *every individual who is* a citizen of the United States is attributable to services performed *without* the United States. To verify that point, *see* 26 C.F.R. § 1.911-3(a), which states in pertinent part as follows:

> "Earned income is from sources within a foreign country if it is attributable to services performed by *an individual* in a foreign country or countries. The *place of receipt of earned income is immaterial* in determining whether earned income is *attributable to services performed* in a foreign country or countries." [Emphasis added.]

I maintain that if the plaintiff had contemplated the two distinct classes of U.S. citizens in its complaint, this case would not have ever been brought to fruition in this honorable Court. The plaintiff would have been compelled to admit that I was neither '*wherever resident*' nor *an individual who is* a citizen of the United States. Add in T.D. 8831, which distinguishes *worldwide income* from *U.S. sourced income* the plaintiff's case would have crumbled under its own weight. My facts and circumstances show that I am indeed a citizen of the United States, however, at all times relevant to this case, I was domiciled within the United States, and all of my income was U.S. sourced. This case was not voidable--it was void from its inception.

12

A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 456 (5th Cir. 1980); A void judgment is one that, from its inception, is a complete nullity and without legal effect, *Holstein v. City of Chicago*, 803 F.Supp 205 (N.D. Ill. 1992), affirmed 29 F.3d 1145 (7th Cir. 1994). A void order may be attacked, either directly or collaterally, at any time, *In re Estate of Steinfeld*, 630 N.E.2d 801, cert den. sub nom *Steinfeld v. Hoddick*, 513 US 809, 130 L.Ed.2d 17 (1994).

As stated by *Vallely v. Northern F. & M. Ins. Co.*, 254 US 348, 353-54, 65 L.Ed. 297, 300 (1920):

"Courts are constituted by authority, and they cannot go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott v. Peirsol*, 1 Pet. 328, 340, 7 L.Ed. 164, 170; *Old Wayne Mut. Life Asso. v. McDonough*, 204 US 8, 51 L.Ed. 345 [(1907)]."

### Jurisdiction Problem IV -- Subject Matter Jurisdiction
### Subtitle A of the Code Issues

Based upon the title-wide definition of a withholding agent, plaintiff could not prove that there was any [federal] authority granted to any person to deduct and withhold any [federal] tax on my U.S. sourced income. *See* 26 U.S.C. § 7701(a)(16) as follows:

**26 U.S.C. § 7701 Definitions**
(a) *When used in this title*, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof — (16) Withholding agent — The term "withholding agent" means any person required to deduct and withhold any tax under the provisions of section 1441, 1442, 1443, or 1461.

I invite this Court to put the so-called "withholding agent's" authority alongside the facts in this instant case. Note: at all times relevant to this case, FedEx was acting as my withholding agent. Next, the plaintiff's "complaint" asserted that there was a federal income tax lien against federal taxes I supposedly owed on my *U.S. sourced income*. Plaintiff should be ordered to show this Court any specific federal law putting me under the provisions of either section 1441, 1442, 1443, or 1461. It is very important to note that the plaintiff overlooked or misconceived the fact that those sections are the only ones Congress put into the title-wide definition of a withholding

13

agent. I note with emphasis that none of those sections embrace my distinct facts and circumstances.

I believe and maintain that the plaintiff's misconceptions and misapplication of subtitle A of the Code far exceed the intent of Congress. It is true that all of my income was U.S. sourced, and it is also true that I am a payee who is a U.S. person. Section 1441, 1442, and 1443 embrace the income of foreign persons. If I was a foreign person, FedEx would be deemed to be the withholding agent under subtitle A of the Code. *See* 26 U.S.C. § 1461 which provides the statutory guidance with which FedEx is required to comply. Examining 26 U.S.C. § 1461, liability for withheld tax, this Court will find in pertinent part as follows:

> *Every person required to deduct and withhold any tax under this chapter is hereby made liable for such tax* and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this chapter. [Emphasis added.]

Assuming that proper application of the laws matter, plaintiff should have read and applied the plainly worded text of 26 U.S.C. § 1461 to FedEx. This is to say, FedEx would have been required to deduct and withhold any tax imposed by subtitle A of the Code. FedEx would have been required to deduct, withhold and report all the payments of income made to me *if and only if* my facts and circumstances were embraced by section 1441, 1442, or 1443.

Prior to this Court voiding its judgment for want of the requisite subject matter jurisdiction--a fair question this honorable Court may request the plaintiff to answer centers on whether the plaintiff considered me to be: (1) a foreign person [nonresident alien individual with U.S. sourced income] (sec. 1441 and IRM 4.10.21.1); (2) a foreign corporation with its business office inside the United States with U.S. sourced income (sec. 1442); (3) a tax exempt foreign organization with its principal place of business within the United States (sec. 1443); or (4) the classification of 'every person' required to deduct and withhold any tax imposed on the income of

a nonresident alien, a foreign corporation, or a tax exempt foreign organization (sec. 1461). Let us not forget, section 1461 makes FedEx (the withholding agent) liable for the subtitle A income tax, not its payees.

In jurisdictional terms, according to the plain wording of 26 U.S.C. § 1461, it appears that FedEx would have been the person *made liable* for plaintiff's federal income tax scheme--not me. Based on the 'chapter 3' withholding agent provisions as applied to the federal income tax laws under subtitle A of the Code, it appears that plaintiff's liability, assessment and lien scheme is fatally flawed, as none of the provisions of federal law embrace my facts and circumstances. "If it is law, it will be found in our books; if it is not to be found there, it is not law." *Boyd v. United States*, 116 U.S. 616, 627 (1886). *See* also *OfficeMax, Inc. v. U.S.*, 428 F.3d 583, 594 (6th Cir. 2005), *supra* at p. 7.

If Congress had the constitutional authority, it would have included withholding and reporting measures regarding the *U.S. sourced income of citizens domiciled in the several states*--but it could not enact such a measure because it did not have the authority. Let me direct some attention to the plainly worded text of the Internal Revenue Manual ("IRM"). For example, *see* the recommended **U.S. Withholding Agent** guidelines as found at IRM 4.10.21.1 (07-29-2008) Introduction with *italics* added by me as follows:

> 1. This IRM section provides the basic concepts of *U.S. source income* which is subject to reporting and withholding *when paid to foreign persons*.

Plaintiff should be ordered to produce the section of the IRM providing the basic concepts of *U.S. source income which is subject to reporting and withholding when paid to a payee who is a U.S. person*. There is not such a section--if the plaintiff believed there was such a section, it should have produced it or conceded the case as void. The Supreme Court holds, "There are no constructive offenses; and before one can be punished, it must be shown that his

15

case is plainly within the statute." *McNally v U.S.,* 483 U.S. 350, 360 (1987). According to the record of this case, there is no provision of federal law granting the plaintiff any authority to assess and collect a federal income tax on this U.S. citizen's U.S. sourced income.

I made this point clear in a personal letter to Ms. Melissa Dickey, the DOJ attorney[1] who represented the plaintiff in this case. For reasons associated with avoiding unnecessary repetition, I am attaching, including, and incorporating by reference the contents of that letter to Ms. Dickey as additional support and grounds for the voiding of the Court's Void Judgment.

In particular, please review the six pages of that letter to Ms. Dickey devoted to the specific class of U.S. citizens required to file U.S. Individual Income Tax Returns and what it takes to *qualify* for an extension of time to file those federal forms. *See* the discussion in that letter related to 26 C.F.R. § 1.6081-5(a) and (b). Even though this is a civil case the Supreme Court addressed the duties and obligations of the plaintiff's lawyers as follows:

> "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. U.S.,* 295 U.S. 78, 88 (1935).

Whether intentional or simply negligent, Ms. Dickey was not at liberty to strike foul blows. I believe in justice and fairness, and if I owed a federal tax, I would have paid every penny I owed. For years on end, I had earnestly requested that the tax gatherer put his finger on the law permitting him to put his finger on me. ("When the tax gatherer puts his finger on the

---

[1] *See* my personal letter to Ms. Melissa Dickey dated November 22, 2013 marked and annexed hereto as Exhibit A.

citizen, he must also put his finger on the law permitting it."). See *OfficeMax, Inc. v. U.S.*, 428 F.3d 583, 594 (6th Cir. 2005), *supra*.

There is no federal law authorizing the plaintiff to disturb or frustrate my rights to life, liberty, and property without due process of law. In short, if I owed a federal tax on my income this honorable Court had a duty and obligation to see to it that the plaintiff put the facts *and* the law authorizing it in the record. *Id.* The plaintiff's claims are naked.

Returning momentarily to the IRM, there may be strong legal basis that caused the drafters of the IRM to purposely omit the basic concepts of *U.S. sourced income* which is subject to the reporting and withholding *when paid to a payee who is a U.S. person.* This appears to be true because the withholding provisions (section 1461) under chapter 3 of subtitle A of the Code did not contemplate any withholding or information reporting scheme as respects the income of *a payee who is a U.S. person. See* IRM 4.10.21.1.

I request this honorable Court's judicial notice of the interrelationship between 26 U.S.C. § 1441, its regulations and the essential procedural requirements dealing with nonresident alien individuals as found in Treasury Decision 8734 ("T.D. 8734"), 62 FR 53444, dated and published in the Federal Register on October 14, 1997 as follows:

**As a general matter, a withholding agent (whether U.S. or foreign) must ascertain whether the payee is a U.S. or a foreign person. If the payee is a U.S. person, the withholding provisions under chapter 3 of the Code do not apply**; however, information reporting under chapter 61 of the Code may apply; further, if a TIN is not furnished in the manner required under section 3406, backup withholding may also apply. If the payee is a foreign person, however, the withholding provisions under chapter 3 of the Code apply instead. **To the extent withholding is required under chapter 3 of the Code, or is excused based on documentation that must be provided, none of the information reporting provisions under chapter 61 of the Code apply, nor do the provisions under section 3406**. (Emphasis added.)

In plain words, T.D. 8734 explained to me the duties of the withholding agent as regards the **withholding** and **information reporting provisions**. I believe that T.D. 8734 states: "* * * a withholding agent (whether U.S. or foreign) **must ascertain** whether the payee is a U.S. or a foreign person." As established above, FedEx had actual knowledge and valid documentation of my payee status being that of **a payee who is a U.S. person**. Next, I believe that T.D. 8734 states that if the payee is a U.S. person, the **withholding provisions** under chapter 3 of the Code **do not apply**.

Because withholding is merely a method of collecting the federal income tax, the plaintiff incorrectly and improperly assumed I was subject to the tax--and had forced the withholding and payment of the federal income tax from payments made to me. This is not right and must be stopped immediately. Third, to the extent **withholding** ... under chapter 3 of the Code... **is excused based on documentation that must be provided, none of the information reporting provisions under chapter 61 of the Code apply**. I provided FedEx with the required documentation to establish my payee status. Thus, I was neither subject to federal withholding under chapter 3 of the Code, nor the information reporting provisions under chapter 61 of the Code. Pursuant to the rebuttal of presumptions, *see* 26 C.F.R. § 1.1441-1(b)(3)(viii), I applied these basic rules to my facts and circumstances, and these rules are binding on the plaintiff.

> The Treasury Regulations are binding on the Government as well as on the taxpayer: "Tax officials and taxpayers alike are under the law, not above it." *Pacific National Bank of Seattle v. Commissioner*, 9 Cir. 1937, 91 F.2d 103, 105. *Brafman v. United States*, 384 F.2d 863, 866 (5th Cir. 1967).

From a jurisdictional perspective, I request that this honorable Court take judicial notice of the plain wording of T.D. 8734 (respondent is required to follow). Upon careful review, I believe this Court will find that T.D. 8734 makes clear that the payments made to a payee who is a U.S. person are **exempt from withholding**. Plaintiff will have to concede that I am a payee who

is a U.S. person, and that I provided the required documentation to FedEx, which established my citizenship. Having established that fact with my payor, withholding was "*excused*" (exempt).

However, T.D. 8734 also made clear that if my payments were exempt from withholding, *none of the information reporting provisions under chapter 61 of the Code apply, nor do the provisions under section 3406*. As a matter of legislative grace, T.D. 8734 exempts my payment amounts from both the withholding provisions and the information reporting provisions.

> Finally, the Supreme Court has repeatedly held that exemptions as well as deductions are a matter of legislative grace, and that a taxpayer seeking either must demonstrate that he comes squarely within the terms of the law conferring the benefit sought. *Bingler v. Johnson,* 394 U.S. 741, 751-752 (1969); *Commissioner v. Jacobson,* 336 U.S. 28, 48-49 (1949); *United States v. Stewart,* 311 U.S. at 71; *Helvering v. Northwest Steel Rolling Mills,* 311 U.S. 46, 49 (1940); *New Colonial Ice Co. v. Helvering,* 292 U.S. 435, 440 (1934). In that vein, we have sustained and applied this proposition. See, e.g., *Nelson v. Commissioner,* 30 T.C. 1151, 1154 (1958). *Nelson v. Commissioner of Internal Revenue,* 110 T.C. 114, 129 (1998).

The plain language of T.D. 8734 granted the exemption from withholding and information reporting--these exemptions are neither implied nor ambiguous. Thus, plaintiff's silence has conceded these points. *See Estate of Richard v. Commissioner of Internal Revenue,* T.C. Memo. 2012-173 (T.C. 6-20-2012). As for jurisdiction matters, IRM 4.10.21.1 (07-29-2008) states, "This IRM section provides the basic concepts of *U.S. source income* which is subject to reporting and withholding *when paid to foreign persons*." *See also* IRM 4.10.21.6.7 that bears this honorable Court's notice--that states:

> **Form W-9** - This form is used for certifying a recipient's status as a U.S. person. No NRA withholding and reporting is required in such cases (see above concerning Form 1099 / Backup Withholding). It is generally valid indefinitely unless a change in circumstances makes any information on the form incorrect.

A review of the record of this case shows that the plaintiff failed to provide any facts or any objective standards bringing me within the plaintiff's subject matter jurisdiction. Further, the

plaintiff did not and cannot show this honorable Court's record a section of the IRM (or the Code) providing the basic concepts of *U.S. sourced income*, which is subject to reporting and withholding *when paid to a payee who is a U.S. person*.

Please notice that according to the guidance provided by plaintiff to its employees, pursuant to IRM 4.10.21.6.7, an IRS Form W-9 is a form certifying a payee's status as a U.S. person. There is neither any [federal] income tax withholding (under chapter 3 of subtitle A of the Code) nor information reporting (under chapter 61 of subtitle F of the Code). Withholding and information returns are not required once FedEx ascertained that I was a payee who is a U.S. person. *See* and *review* T.D. 8734 discussing the requirement that a withholding agent must ascertain whether the payee is a U.S. or a foreign person--and if the payee is a U.S. person, the withholding provisions under chapter 3 of the Code do not apply. To the extent withholding is required under chapter 3 of the Code, or is excused based on documentation that must be provided, none of the information reporting provisions under chapter 61 of the Code apply, nor do the provisions under section 3406. I was neither "subject" to withholding nor information reporting, which put my income beyond the assessment and collection jurisdiction of the plaintiff. This case is not 'voidable' -- it is void for want of the required jurisdiction.

### Jurisdiction Problem V -- Subject Matter Jurisdiction
### Subtitle C -- What Employee / Employer Relationship?

In my Motion to Dismiss, I explained that my exemption from the subtitle A tax was verified with my preparation and submission of IRS Forms W-4. According to the Treasury Regulations, FedEx should have requested an IRS Form W-9[2] from me. Nevertheless, I prepared and submitted the IRS Forms W-4 relying on the prescribed regulations as follows:

---

[2] *See* IRM 4.10.21.6.7 **Form W-9** - This form is used for certifying a recipient's status as a U.S. person. No NRA withholding and reporting is required in such cases (see above concerning

**26 C.F.R. § 31.3402(n)-1 Employees incurring no income tax liability.**
(a) *In general.* Notwithstanding any other provision of this subpart (except to the extent a payment of wages is subject to withholding under §31.3402(g)-1(a)(2)), *an employer shall not deduct and withhold any tax under chapter 24 upon a payment of wages made to an employee, if there is in effect with respect to the payment a withholding exemption certificate furnished to the employer by the employee which certifies that —*
*(1) The employee incurred no liability for income tax imposed under subtitle A of the Internal Revenue Code for his preceding taxable year; and*
*(2) The employee anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.*[Emphasis added.]

Even though 26 C.F.R. § 31.3402(n)-1(a) is a *subtitle C* creature, it is duly informing every reader that if the "employee" submits a withholding exemption certificate certifying and affirming that paragraphs (1) and (2), pertaining to subtitle A of the Code should be applied, the withholding agent (employer) shall not deduct and withhold any tax under chapter 24. Restated for convenience, it will be of great importance to read and compare footnote 2, above, which explains that an IRS Form W-9 is used to certify a "recipient's" payee status as a U.S. person.

Notice that pursuant to IRM 4.10.21.6.7, *it states that a payee who is a U.S. person is exempt from withholding and reporting*. Notice, too, that 26 C.F.R. § 31.3402(n)-1(a)(1) and (2) comports with the intent of the withholding and reporting provisions as reflected in T.D. 8734 and the duties of a withholding agent under subtitle A of the Code. The plaintiff has firsthand knowledge of my compliance with the withholding and information reporting provisions. This knowledge was evidence[3] it attempted to use against me at a criminal trial in 2003, where I was acquitted by a jury of my peers. The evidence showed that I had prepared and submitted all the IRS Form W-4 'withholding exemption certificates' pursuant to and in absolute compliance with 26 U.S.C. § 3402(n) and its regulations.

---

Form 1099 / Backup Withholding). It is generally valid indefinitely unless a change in circumstances makes any information on the form incorrect.

[3] *See* bona fide copies of the true and accurate IRS Forms W-4 annexed hereto as Exhibit B.

As for appropriate precedent, the U.S. Tax Court quoted the Supreme Court's holding that there is no substantial difference between subtitle A withholding agents (*payors*) and subtitle C withholding agents (employers) as follows:

> As the Supreme Court stated in *Baral v. United States*, 528 U.S. 431, 436 (2000): "Withholding and estimated tax remittances are not taxes in their own right, but methods for collecting the income tax." The principal liability for the income tax is borne by the taxpayer-employee under section 1. The employer bears liability for this tax under section 3403, but it is a derivative liability arising from its status as a withholding agent. *Dixon v. Commissioner*, 141 T.C. No. 3, 29-30 (T.C. 9-3-2013).

There are at least three very important factors to keep in mind from the *Baral* decision. First, withholding and estimated taxes are not taxes per se--but merely methods for collecting the (subtitle A) income tax. Next, the principal liability for the (subtitle A) income tax is borne by the taxpayer (subtitle A) - employee (subtitle C) under section 1 of the Code. In other words, the income tax imposed by subtitle A extends to subtitle C as well. Third, the employer, presumed to be FedEx in this case, is the 'person made liable' for the income tax under 26 U.S.C. § 3403. Yet, the section 3403 liability is simply a derivative liability arising from FedEx's status as a withholding agent. As contorted and complex as it appears to be, I showed that there is no law, which imposed a liability on the payments of my U.S. sourced income. Based on the foregoing, I have shown this Court that Congress had no intent to tax my U.S. sourced income.

> We are asked to make a retroactive holding that for some seven years past a multitude of transactions have been taxable although there was no source of law from which the most cautious taxpayer could have learned of the liability. If he consulted the decisions of this Court, he learned that no such tax could be imposed; if he read the Delphic language of the Act in connection with existing decisions, it, too, assured him there was no intent to tax; if he followed the Congressional proceedings and debates, his understanding of non-taxability would be confirmed; if he asked the tax collector himself, he was bound by the Regulations of the Treasury to advise that no such liability existed. It would be a pity if taxpayers could not rely on this concurrent assurance from all three branches of the Government. But we are asked to brush all this aside and simply to decree that these transactions are taxable anyway. *Helvering v. Griffiths*, 318 U.S. 371, 402 (1943).

The plaintiff's complaint alleged that I was ***the person made liable*** for the federal income tax imposed by subtitle A of the Code, when it is abundantly clear that under federal law, FedEx would have been ***the person made liable--IF and only IF I was a payee who is a foreign person***. Further plaintiff alleged that said federal income tax "***liability***" was "presumed-to-be-correct" as alleged. Furthermore, plaintiff alleged that its federal income tax was legally "assessed" thus giving rise to its federal income tax lien scheme. In effect, plaintiff urged this Court to buy into an absurd notion that I was my own withholding agent and a payee at the same time. *See* 26 U.S.C. § 1461 and its regulations distinguishing a payor from a payee. *See also*:

> When construing a statute so explicit in scope, a court must act within certain well-defined constraints. If a legislative purpose is expressed in "plain and unambiguous language, . . . the . . . duty of the courts is to give it effect according to its terms." *United States* v. *Lexington Mill & Elevator Co.*, 232 U.S. 399, 409 (1914). *United States v. Rutherford*, 442 U.S. 544, 551 (1979).

Indeed, plaintiff's imperceptive interpretation of 26 U.S.C. § 1461 pitted against my facts and circumstances yielded the absurd result.

> Exceptions to clearly delineated statutes will be implied only where essential to prevent "absurd results" or consequences obviously at variance with the policy of the enactment as a whole. *Helvering* v. *Hammell*, 311 U.S. 504, 510-511 (1941). See *TVA* v. *Hill*, 437 U.S. 153, 187-188 (1978); *United States* v. *Key*, 397 U.S. 322, 324-325 (1970); *United States* v. *American Trucking Assns.*, 310 U.S. 534, 543-544 (1940); *United States v. Rutherford*, 442 U.S. 544, 552 (1979).

Plaintiff's complaint struggled to suggest that this Court will find that I am in the classification of ***any person "liable to pay any tax"*** under plaintiff's *ipse dixit* theory. However, a plain reading of 26 U.S.C. § 1461 points directly towards "any person" ***required to perform 'withholding' duties under section 1441, 1442, 1443 and 1461 of the Code***. It seems that plaintiff appears to be advancing the incredible theory of positing that I am somehow a withholding agent, and also a nonresident alien (taxable person) under the same federal statute. I

believe the plaintiff will be unable to show any objective standard(s) bringing my facts and circumstances within the intended reach of any federal income tax law.

("When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed or to other legitimate proof, that the action is arbitrary.") (quoting *Borden's Farm Prods. Co., Inc., v. Baldwin,* 293 U.S. 194, 209, 55 S.Ct. 187, 79 L.Ed. 281 (1934)). *Moore v. Detroit School Reform Bd.,* 293 F.3d 352, 361 (6th Cir. 2002).

WHEREFORE premises considered, I, Vernice B. Kuglin respectfully request that: (1) this Court vacate this honorable Court's void judgment forthwith for lack of both subject matter jurisdiction and *in personam* jurisdiction; (2) that I, Vernice B. Kuglin be awarded all costs associated with defending plaintiff's defective complaint; (3) that the plaintiff be ordered to return any and all property, tangible or intangible, to be determined (with reasonable interest), previously taken and converted in either violation or misapplication of federal law; and, (4) any other relief this honorable Court finds fair, just and equitable under the circumstances.

Dated and timely submitted on this 27th day of October 2014 by:

Vernice B. Kuglin
200 Wagner Place, # 802
Memphis, TN 38103

## CERTIFICATE OF SERVICE

I certify that on October 27, 2014 the foregoing was served on the following by U.S. mail:

Ms. Melissa L. Dickey
U.S. Department of Justice
Post Office Box 227 -- Ben Franklin Station
Washington, D.C. 20044

Vernice B. Kuglin
200 Wagner Place, # 802
Memphis, TN 38103