IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  ) | |
| Plaintiff,  ) ) | |
| v.          ) ) | 11-2741 |
| **VERNICE B. KUGLIN, et al.,** ) ) | |
| Defendants.  ) | |

**ORDER**

Before the Court is Defendant Vernice B. Kuglin's ("Kuglin") October 27, 2014 Pro Se Motion to Vacate Judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (the "Motion"). (Mot., ECF No. 36.) On November 13, 2014, Plaintiff United States of America (the "Government") responded. (Resp., ECF No. 37.) On December 15, 2014, Kuglin replied. (Reply, ECF No. 38.) For the following reasons, Kuglin's Motion is DENIED.

**I.   Background**

Kuglin, a United States citizen residing in Memphis, Tennessee, did not pay federal income taxes for the tax years 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004. (Compl., ECF No. 1, see also Mot. to Dismiss, ECF No. 8.) The Government has assessed Kuglin's tax liability for those years. (Id.)

On September 1, 2004, the United States Tax Court (the "Tax Court") entered a Decision against Kuglin pursuant to an agreement between Kuglin and the Government.  The Tax Court found that there were deficiencies in Kuglin's income tax payments for the tax years 1996, 1997, 1998, 1999, 2000, and 2001.  (2004 U.S. Tax Court Decision, ECF No. 9-2.)  The Tax Court also decided that Kuglin owed additions to tax under the provisions of I.R.C. § 6651(f) and additions to tax under I.R.C. § 6654 for the same years.  (Id.)

On October 27, 2006, the Tax Court entered a second Decision against Kuglin pursuant to an agreement between Kuglin and the Government.  The Tax Court found that there were deficiencies in Kuglin's income tax payments for the tax years 2002 and 2003.  (2006 U.S. Tax Court Decision, ECF No. 9-3.) The Tax Court also decided that Kuglin owed additions to tax under the provisions of I.R.C. § 6651(a)(2) and additions to tax under I.R.C. § 6654 for the same years.  (Id.)  Kuglin's counsel stipulated to the entry of and signed both Tax Court Decisions. (2004 Tax Court Decision, ECF No. 9-2; 2006 Tax Court Decision, ECF No. 9-3.)

On September 24, 2010, the Internal Revenue Service ("IRS") generated official Certificates of Assessments, Payments, and other Specified Matters for the tax years 1996-2004.  (Form 4340 1996-2004, ECF No. 13-6 to 13-14.)  The Certificates state that

2

Kuglin was given notice of a deficiency and the demand for payment required by law, and that she did not pay the Government the amount owed as reflected in the assessments.  (Aff. of Kimberly Huston ¶¶ 5-6, ECF No. 13-5.)  The Certificates state a total amount due and owing of $1,339,108 in taxes, penalties, and interest for the tax years 1996-2004 as of April 11, 2011.  (Id. at ¶ 7.)

On various dates, the Government gave notice that federal tax liens had attached to Kuglin's real property at 220 Dubois, Memphis, Tennessee.  (Notice of Fed. Tax Liens, ECF No. 13-16.)  Those liens were recorded with the Register of Deeds for Shelby County, Tennessee.  (Id.)

On September 6, 2012, the Court found that there was no genuine dispute of material fact and granted the Government's Motion for Summary Judgment.  (Order at 13.)  Judgment was entered in favor of the Government on March 8, 2013.  (J., ECF No. 22.)  Kuglin did not appeal the judgment.

II.  **Standard of Review**

"Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'"  McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting Dickerson v. Bd. of Educ. of Ford Heights, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Courts may grant Rule 60(b) motions for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party filing a Rule 60(b) motion bears the burden of establishing grounds for relief by clear and convincing evidence. Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

"Pro se [pleadings] are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)(internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. See Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *613 (6th Cir. Jan. 31, 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *510 (6th Cir. May 12, 2011).

4

### III. Analysis

#### A. Timeliness

The Government argues that Kuglin's Motion is untimely. (Resp. at 3-4.) A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir. 2006) (citing In re Abdur'Rahman, 392 F.3d 174, 185 (6th Cir. 2004), vac'd on other grounds, 545 U.S. 1151, 125 S.Ct. 2991, 162 L.Ed.2d 909 (2005)). In determining reasonableness, courts examine "the length and circumstances of the delay in filing, prejudice to the opposing party, and any circumstances warranting equitable relief." United States v. Leprich, 169 Fed. App'x. 926, 932 (6th Cir. 2006).

Kuglin's Motion is untimely. She filed her Motion on October 27, 2014, more than a year and a half after judgment was entered. The Sixth Circuit has found a delay as short as 11 months to be untimely. Patel, 445 F.3d at 905-06; Shugar v. Dallman, 182 F.3d 918 (6th Cir. 1999) (Rule 60(b) movant who filed his motion "almost two years after the entry of final judgment" was held to be "fatally out of time"). The movant bears the burden of showing compliance with the provisions of Rule 60(b). In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir. 1986). Kuglin has failed to explain why she waited more

than 18 months to seek relief under Rule 60(b)(4). She has not met her burden of showing timeliness. Patel, 445 F.3d at 906 (affirming the district court's conclusion that a delay of 11 months was unreasonable because the movant "[did] not attempt to identify any good reason" for his delay).

**B. Jurisdiction**

Even if Kuglin's Motion were timely, it would lack merit. A Rule 60(b)(4) motion should be granted "[o]nly in the rare instance of a clear usurpation of power" by the court, and may not be used as "a substitute for an appeal." Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 516 (6th Cir. 2001). Under Rule 60(b)(4), a judgment is void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir. 1995) (internal quotation marks omitted).

Kuglin argues that the Court lacks subject matter jurisdiction because she does not fall "within the intended reach of any federal income tax law." (Mot. at 24.) That argument is "patently frivolous." United States v. Martin, 19 F. App'x 345, 346 (6th Cir. 2001) (refusing to consider the defendant's "tax-protestor" arguments); see also Reyes v. C.I.R., 449 F. App'x 478, 484 (6th Cir. 2011) (finding that the plaintiff's argument, that because he was a United States

6

citizen and Tennessee resident he did not have a duty to pay federal income tax, lacked merit and did not warrant further discussion); Everett v. United States, 10 F. App'x 336, 337-38 (6th Cir. 2001) (sanctioning the plaintiff for repeating his frivolous argument "that he was not a taxpayer" under federal income tax law).

Kuglin's argument has no bearing on the Court's subject matter jurisdiction. As the Court concluded in its Order Granting the Government's Motion for Summary Judgment, the Court has subject matter jurisdiction over this action. (Order, ECF No. 18.). The Government brings suit pursuant to 26 U.S.C. §§ 7401 and 7403. (Compl., ECF No. 1 ¶ 2.) The Court has jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The Court has original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. The Court has jurisdiction generally over any civil action in which the United States is a plaintiff under 28 U.S.C. § 1345, and in any civil action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Kuglin also appears to argue that the Court lacks personal jurisdiction over her. (Mot. at 9-10.) "The actions of the defendant may amount to a legal submission to the jurisdiction

7

of the court, whether voluntary or not." State Auto Ins. Co. v. Thomas Landscaping & Const., Inc., 494 F. App'x 550, 553 (6th Cir. 2012). Kuglin constructively consented to the personal jurisdiction of the Court when she failed to raise that defense in her Motion to Dismiss. Fed. R. Civ. P. 12(b)(2) and 12(h)(1)(B). (See Mot. to Dismiss, ECF No. 8.)

**IV. Conclusion**

For the foregoing reasons, Kuglin's Motion is DENIED.

So ordered this 6th day of April, 2015.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE